[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 10, 2009
THOMAS K. KAHN
CLERK

No. 08-14951
Non-Argument Calendar

_____

D. C. Docket No. 94-00294-CR-T-26B

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DALE BALDWIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 10, 2009)

Before DUBINA, Chief Judge, TJOFLAT and ANDERSON, Circuit Judges.

PER CURIAM:

Dale Baldwin appeals the district court's denial of his motion for a reduction

of sentence, pursuant to 18 U.S.C. § 3582(c)(2). Baldwin's § 3582(c)(2) motion was based on Amendment 706 to the Guidelines, which reduced base offense levels applicable to crack cocaine. On appeal, Baldwin argues that the district court erred in finding that he was sentenced as a career offender because he actually was sentenced to the statutory minimum sentence of life imprisonment, pursuant to 21 U.S.C. § 841(b)(1)(A). Baldwin further argues that: (1) his statutory life sentence violated Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), based on the limited facts proved at trial; and (2) he qualifies for a § 3582(c)(2) sentence reduction under the Supreme Court's United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), line of caselaw, the 18 U.S.C. § 3553(a) factors, and the crack/cocaine powder disparity.

"We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." United States v. James, 548 F.3d 983, 984 (11th Cir. 2008). We may affirm the district court's decision "on any ground that finds support in the record." United States v. Mejia, 82 F.3d 1032, 1035 (11th Cir. 1996).

A district court may modify a term of imprisonment in the case of a defendant who was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18

2

U.S.C. § 3582(c)(2). However, when the district court is determining whether to modify a defendant's sentence pursuant to § 3582(c)(2), "all original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing." United States v. Bravo, 203 F.3d 778, 781 (11th Cir. 2000) (emphasis in the original).

Although Baldwin is correct that he was not sentenced as a career offender under U.S.S.G. § 4B1.1 because he instead received a mandatory life sentence under § 841(b)(1)(A), the district court still properly denied § 3582(c)(2) relief. We recently held that a defendant who was sentenced to a statutory minimum term of imprisonment cannot have his guideline range lowered by the Sentencing Commission. United States v. Williams, 549 F.3d 1337, 1339-41 (11th Cir. 2008). Baldwin's remaining arguments are likewise barred by precedent. See United States v. Jones, 548 F.3d 1366, 1369 (11th Cir. 2008) (holding that Booker does not, by itself, permit a district court to impose a § 3582(c)(2) sentence reduction); Bravo, 203 F.3d 781 (prohibiting courts from revisiting original sentencing decisions during a § 3582(c)(2) proceeding). Accordingly, we hereby affirm the district court's decision.

**AFFIRMED.**[1]

---

[1] Baldwin's request for oral argument is denied.